MARK I. WRAIGHT (State Bar No. 228303)
miw@severson.com
ADAM A. VUKOVIC (State Bar No. 301392)
aav@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
WELLS FARGO BANK, N.A.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

| | |
|---|---|
| FPI MANAGEMENT, INC., | Case No. 2:19-cv-01428-KJM-KJN |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | Action Filed:   February 26, 2019 |
| WELLS FARGO & COMPANY; and DOES 1–100, inclusive, | |
| Defendants. | |

1.     PURPOSES AND LIMITATIONS

        Plaintiff FPI MANAGEMENT, INC. and defendant WELLS FARGO BANK, N.A.

anticipate disclosure and discovery activity in this action are likely to involve production of

confidential, proprietary, or private information for which special protection from public disclosure

and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly,

the parties hereby stipulate to and petition the court to enter the following Stipulated Protective

Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures

or responses to discovery and that the protection it affords from public disclosure and use extends

only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles.

After this Stipulated Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Information or Items, Discovery Material designated as CONFIDENTIAL and Protected Material that may have been produced before the Court signs this Stipulated Protective Order.

The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulated Protective Order pending its approval and entry by the Court. In the event that the Court rejects or modifies this Stipulated Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulated Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulated Protective Order pending its entry so as to allow for immediate production of Confidential Information and Items and Protected Material under the terms herein.

2.      DEFINITIONS

2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how generated, stored or maintained) or tangible things that qualify for such protection either under California law or the standards developed under California Law. A disclosing party may designate as Confidential any material that it reasonably and in good faith believes constitutes, contains, reveals or evidences (i) information subject to the attorney-client privilege or attorney work product doctrine (hereinafter, "Privileged Information"); (ii) any trade secret or other confidential or proprietary research, analysis, design, development, financial or commercial information (hereinafter "Proprietary Information"); (iii) non-public personal information, other sensitive personally identifiable information (such as Social Security numbers, taxpayer-identification numbers, dates of birth, home addresses, phone numbers, email addresses, names of minor children, financial accounting information (which may be redacted to the last four digits), passport numbers and driver license numbers), or other information for which applicable federal or state law requires confidential treatment (hereinafter "Private Information"); and/or information, regardless of how generated, stored or maintained, or tangible

things that qualify for such protection either under California law or the standards developed under California Law.

2.3     Counsel (without qualifier):  Counsel of Record in this Action.

2.4     Designating Party:  a Party or Non-Party that designates information or items that it produces in responses to discovery as "CONFIDENTIAL."

2.5     Discovery Material:  all items or information, regardless of the medium or manner in which generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), produced in response to discovery in this matter.

2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8     Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.9     Party:  any party to this action, including its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.10    Producing Party:  a Party or Non-Party that produces Discovery Material in this action.

2.11    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12    Protected Material:  any Discovery Material that is designated as "CONFIDENTIAL."

2.13    Receiving Party:  a Party that receives Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as

defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until and unless a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown

2   to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily

3   encumber or retard the case development process or to impose unnecessary expenses and burdens on

4   other parties) expose the Designating Party to sanctions.

5      If it comes to a Designating Party's attention that information or items that it designated for

6   protection do not qualify for protection, that Designating Party must promptly notify all other Parties

7   that it is withdrawing the mistaken designation.

8      5.2      <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order

9   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

10   Discovery Material that qualifies for protection under this Order must be clearly so designated

11   before the material is disclosed or produced.

12      Designation in conformity with this Order requires:

13      (a)  for information in documentary form (e.g., paper or electronic documents, but excluding

14   transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the

15   legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or

16   portions of the material on a page qualifies for protection, the Producing Party also must clearly

17   identify the protected portion(s) (e.g., by making appropriate markings in the margins).

18      A Party or Non-Party that makes original documents or materials available for inspection

19   need not designate them for protection until after the inspecting Party has indicated which material it

20   would like copied and produced. During the inspection and before the designation, all of the material

21   made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has

22   identified the documents it wants copied and produced, the Producing Party must determine which

23   documents, or portions thereof, qualify for protection under this Order. Then, before producing the

24   specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page

25   that contains Protected Material. If only a portion or portions of the material on a page qualifies for

26   protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making

27   appropriate markings in the margins).

28      (b)  for testimony given in deposition or in other pretrial or trial proceedings, that

the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. Alternatively, within thirty (30) days after the court reporter serves a copy of the transcript of a deposition or hearing, a Party may identify all or part of the transcribed testimony as CONFIDENTIAL by giving written notice to Counsel of the specific pages and lines of the transcript that constitute or contain Confidential Information or Items and Protected Material. Until thirty (30) days after the court reporter serves a copy of the transcript of a deposition or hearing, all deposition transcripts shall be deemed Protected Material under the terms of this Stipulated Protective Order, and there shall be no disclosure of any information contained therein in any discovery motions without complying with the terms of this Stipulated Protective Order. Those portions of transcripts of depositions thereafter designated as containing Protected Material shall be governed by the terms of this Stipulated Protective Order.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality within 16 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

In addition, the Challenging Party may file a motion challenging a confidentiality designation within 16 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute if there is good cause for doing so. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) shall expose the Challenging Party to sanctions.

All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on a challenge through the above-described process.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b)  the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

1    (f)  during their depositions, witnesses in the action to whom disclosure is reasonably

2  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

3  unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed

4  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

5  bound by the court reporter and may not be disclosed to anyone except as permitted under this

6  Stipulated Protective Order.

7    (g)  the author or recipient of a document containing the information or a custodian or

8  other person who otherwise possessed or knew the information.

9  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER

10        LITIGATION

11    If a Party is served with a subpoena or a court order issued in other litigation that compels

12  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

13  must:

14    (a)  promptly notify in writing the Designating Party. Such notification shall include a

15  copy of the subpoena or court order;

16    (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

17  other litigation that some or all of the material covered by the subpoena or order is subject to this

18  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

19    (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

20  Designating Party whose Protected Material may be affected.

21    If the Designating Party timely seeks a protective order, the Party served with the subpoena

22  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

23  before a determination by the court from which the subpoena or order issued, unless the Party has

24  obtained the Designating Party's permission. The Designating Party shall bear the burden and

25  expense of seeking protection in that court of its confidential material – and nothing in these

26  provisions should be construed as authorizing or encouraging a Receiving Party in this action to

27  disobey a lawful directive from another court.

28

9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

        The inadvertent production of Confidential Information during discovery in this proceeding without a "Confidential" designation shall be without prejudice to any claim that such item(s) constitutes Confidential Information or is otherwise protected by law or this agreement, and subject to the following provisions, no Party shall be deemed to have waived any rights by such inadvertent production. The Producing Party shall promptly notify the Receiving Party in writing of any inadvertent production. Upon such notice, the Receiving Party shall promptly immediately sequester the information and either return or destroy the specified information and any copies that may exist, or present the information to the court conditionally under seal for a determination of the claim within 30 days of receipt. The Receiving Party shall preserve the specified information and shall be precluded from using or disclosing it until the claim is resolved. If the Receiving Party disclosed the specified information before being notified of its inadvertent production, it must take reasonable steps to retrieve it. The Receiving Party shall also promptly give the Producing Party notice of any destruction of inadvertently produced records pursuant hereto.

12.     MISCELLANEOUS

        12.1     Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

        12.2     Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        12.3     Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the

1   public record in this action any Protected Material. Parties shall comply with California Rule of

2   Court 2.551 for purposes of seeking Court permission to file material designated CONFIDENTIAL

3   under seal.

4   13.      FINAL DISPOSITION

5           Within 60 days after the final disposition of this action, as defined in paragraph 4, each

6   Receiving Party must return all Protected Material to the Producing Party or destroy such material.

7   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

8   summaries, and any other format reproducing or capturing any of the Protected Material. Whether

9   the Protected Material is returned or destroyed, the Receiving Party must submit a written

10  certification to the Producing Party (and, if not the same person or entity, to the Designating Party)

11  by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material

12  that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

13  abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected

14  Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

15  pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda,

16  correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant

17  and expert work product, even if such materials contain Protected Material. Any such archival copies

18  that contain or constitute Protected Material remain subject to this Protective Order as set forth in

19  Section 4 (DURATION).

20          **IT IS SO STIPULATED.**

21

22  DATED:  December 29, 2020                    WILKE FLEURY LLP

23

24                                              By:_____*/s/ George Guthrie*_____
                                                        George Guthrie
25                                              Attorneys for Plaintiff FPI Management, Inc.

26

27

28

1  | DATED:  December 29, 2020

SEVERSON & WERSON
A Professional Corporation


By:   ___/s/ Adam A. Vukovic___
       Adam A. Vukovic

Attorneys for Defendant WELLS FARGO BANK, N.A.


*I, Adam A. Vukovic, am the ECF user whose ID and password are being used to file this document. I hereby attest that the signatory above has concurred with this filing. */s/ Adam A. Vukovic*

1

**ORDER**

2        The court has reviewed the parties' stipulated protective order, which comports with the

3 relevant authorities and the court's applicable local rule. <u>See</u> L.R. 141.1(c); <u>see also</u> <u>Phillips ex</u>

4 <u>rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the

5 public can gain access to litigation documents and information produced during discovery unless

6 the party opposing disclosure shows 'good cause' why a protective order is necessary.")

7 Therefore, the court GRANTS the request subject to the following clarification.

8        This court's Local Rules indicate that once this action is closed, "unless otherwise ordered,

9 the court will not retain jurisdiction over enforcement of the terms of any protective order filed in

10 that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after

11 closure of the case. <u>See</u>, <u>e.g.</u>, <u>MD Helicopters, Inc. v. Aerometals, Inc.</u>, 2017 WL 495778 (E.D.

12 Cal., Feb. 03, 2017). Based on this rationale, the court will not retain jurisdiction over this

13 protective order once the action is closed.

14 Dated: January 4, 2021

15

16 fpi.1428

17 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of

_____ [print or type full address], declare

under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Eastern District of California on

_____ [date] in the case of *FPI MANAGEMENT, INC.  v. WELLS FARGO BANK,*

*N.A., et al.* (USDC EDCA Case No. 2:19-cv-01428-KJM-KJN). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions of

this Order.

I further agree to submit to the jurisdiction of the San Francisco County Superior Court for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as

my California agent for service of process in connection with this action or any proceedings related

to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____